KLEINMAN LAW LLC
Nathaniel A. Kleinman
nate@kleinman-law.com
76 South Orange Ave., Suite 105
South Orange, NJ 07079
T: (610) 513-2155
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ELMER SAFLOR,<br><br>*Plaintiff*,<br><br>v.<br><br>LEDGE, INC.,<br><br>*Defendant.* | Civil Case No. 1:26-cv-9379<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff Elmer Saflor ("Plaintiff" or "Saflor"), by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and, as for his Complaint for copyright infringement against Defendant Ledge, Inc. ("Defendant" or "Ledge") hereby asserts and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought against Defendant for the unauthorized and infringing use of Plaintiff's original artwork.

2. Plaintiff seeks damages and other relief related to Defendant's reckless and willful infringement of Plaintiff's copyright in and to the original work identified herein.

## PARTIES

3. Plaintiff Saflor is an individual artist/graphic designer and a resident of the Philippines.

4. Defendant Ledge is a corporation registered in Delaware.

5. Upon information and belief, Ledge is a software/technology company that provides AI-powered accounting services for businesses.

6. Upon information and belief, Defendant lists its office headquarters as being in this District at 60 Broad Street, New York, NY 10004.

**JURISDICTION AND VENUE**

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) since a substantial portion of the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and 28 U.S.C. § 1400(a) since Defendant conducts substantial business in the State of New York and/or can be found in this District.

9. Upon information and belief, Defendant conducts substantial and continuous business in this District through its New York office.

**FACTUAL ALLEGATIONS**

10. In or about April 2017, Plaintiff Saflor (a/k/a "Superelmer") designed and created a two-panel webcomic artwork, titled, "Running Away Balloon" (hereinafter the "Saflor Work"), a copy of which is shown below for reference:




11. Since its original publication to Saflor's Facebook account in 2017, the Saflor Work has become a highly popular online "meme," having been copied, altered, and shared (non-commercially) tens of thousands of times across the Internet—largely without Saflor's express permission or license.

12. The Saflor Work is available for licensing through Artnerra and its affiliate MemeLicensing.com, a Germany-based licensing agency that specializes in the commercial licensing of online memes.

13. Upon information and belief, Ledge copied and published the Saflor Work as part of a paid advertisement that was distributed on LinkedIn to thousands of online users.

14. Below is a true and correct screen capture of a paid advertisement published by Ledge which features a derivative version of the Saflor Work:




15. Ledge never sought or received a license or permission from Plaintiff to create/publish advertisements featuring his artwork.

16. On or about September 22, 2026, and again on September 30 and October 8, Plaintiff's counsel contacted Ledge via email and letter to notify it of the infringing use of Plaintiff's copyrighted work and attempt to resolve the matter without the need for litigation.

17. Ledge ignored and did not respond to any of Plaintiff's counsel's communications.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

18. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

19. Plaintiff is the author and exclusive copyright owner of the original artwork identified herein.

20. Plaintiff registered his copyright in and to the Saflor Work with the U.S. Copyright Office under Registration No. VA 2-397-201 (effective March 21, 2024).

21. As alleged herein, Defendant copied, reproduced, distributed, published, displayed,

and/or otherwise exploited copies of Plaintiff's copyrighted work in commercial advertisements, and thus infringed his exclusive rights under Section 106 of the Copyright Act.

22. Defendant copied, published, displayed, and created a derivative version of the Saflor Work in social media advertisements for the purpose of promoting/marketing its business and services, without ever having a valid license to do so.

23. Upon information and belief, Defendant's conduct with respect to Plaintiff's work was willful, intentional, and/or reckless, including because Defendant is a sophisticated business with experience and knowledge of third-party intellectual property rights/licensing, and Defendant also ignored Plaintiff's multiple notices of infringement.

24. Upon information and belief, Defendant has benefited from the unlicensed and infringing use of Plaintiff's copyrighted work, including through increased exposure of its brand and services, increased customer traffic to its website and social media accounts.

25. Defendant deprived Plaintiff of the licensing fees that are required and otherwise would be owed for commercial use of his work.

26. The actions by Defendant described herein have caused Plaintiff significant injuries, losses, and damages, in amounts to be determined at trial.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all

relevant materials, including digital files of Plaintiff's copyrighted work that are in the possession, control, or custody of Defendant;

3. All allowable damages under the Copyright Act, including but not limited to statutory or actual damages, damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to the infringements, and any other cognizable damages suffered as a result of the Defendant's infringements;

4. Plaintiff's full costs, attorneys' fees, interest, and any other amounts authorized under applicable law;

5. For such other and further relief as the Court deems just and proper.

Dated: October 27, 2026

Respectfully submitted,

/s/ Nathaniel A. Kleinman
Nathaniel A. Kleinman (NK3168)
Kleinman Law LLC
76 South Orange Ave., Suite 105
South Orange, NJ 07079
Tel.: 610-513-2155
Email: nate@kleinman-law.com